FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 28 2020

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAVIER GARCIA and J.G., a Minor, by JAVIER GARCIA, his Next Friend, Each Individually and on Behalf of All Others Similarly Situated**     PLAINTIFFS

This case assigned to District Judge ___Rudofsky___
and to Magistrate Judge ___Volpe___

vs.                              No. 4:20-cv-_217-LPR_

**CRAIN CONCRETE CONSTRUCTION, LLC**                DEFENDANTS
**and STEVEN CRAIN**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Javier Garcia and J.G., a minor, by and through his Next Friend, Javier Garcia (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Joshua West, Blake Hoyt and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Crain Concrete Construction, LLC, and Steven Crain (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.    INTRODUCTION

1.    Plaintiffs, each individually and on behalf of all other general laborers employed by Defendants, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiffs and all others similarly situated an overtime premium as required by the FLSA and AMWA.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff Garcia ("Garcia") is a citizen and resident of Pulaski County.

8. Plaintiff J.G. ("J.G.") is a citizen and resident of Pulaski County.

9. J.G. is a minor.

10. Garcia is J.G.'s Next Friend in this lawsuit.

11. Separate Defendant Crain Concrete Construction, LLC ("CCC"), is a domestic, limited liability company.

12. Defendant CCC's registered agent for service is Steven Crain at 5582 Cane Creek Road, Star City, Arkansas 71667.

13. Separate Defendant Steven Crain ("Crain") is an individual and resident of Arkansas.

14. Defendant has a website located at https://crainconcretellc.com/.

## IV.   FACTUAL ALLEGATIONS

15. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Defendant operates a construction company in Little Rock.

17. Crain is the owner, principal, officer and/or director of CCC.

18. Crain manages and controls the day-to-day operations of CCC, including but not limited to the decision to not pay Plaintiffs an overtime premium.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as construction equipment, tools and trucks.

21. Defendant was Plaintiffs' employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

22. Plaintiffs were employed by Defendant at Defendant's construction company during the time period relevant to this lawsuit.

23. Plaintiffs worked for Defendant during the three years preceding the filing of this Complaint.

24. At all times material hereto, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA

25. Garcia was employed by Defendant as a general laborer from February of 2017 until January of 2020.

26. J.G. was employed by Defendant as a general laborer from February of 2017 to January of 2020.

27. Plaintiffs and other general laborers worked as hourly, non-exempt employees at Crain Concrete Construction, LLC.

28. Defendant paid Plaintiffs and other general laborers an hourly rate for all hours worked.

29. Plaintiffs and other general laborers regularly worked in excess of forty (40) hours per week.

30. Defendant paid Plaintiffs and other general laborers their regular hourly rate for all hours worked, including hours worked in excess of forty (40) per week.

31. Defendant did not pay Plaintiffs and other general laborers an overtime premium of one and one half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

32. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other general laborers violated the FLSA and AMWA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiffs and all other similarly situated general laborers have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

35. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiffs bring their FLSA claim on behalf of all hourly-paid general laborers who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. An overtime premium for all hours worked in excess forty (40) in a week;

    B. Liquidated damages; and

    C. Attorneys' fees and costs.

37. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were classified as non-exempt from the overtime requirements of the FSLA and paid an hourly rate;

B. They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked in excess of forty (40) per week;

C. They had the same or substantially similar job duties; and

D. They recorded their time the same way.

40. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds twenty (20) persons.

41. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

42. At all relevant times, Defendant directly hired members of the FLSA Collective to work for its construction company, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

43. At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI. FIRST CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

44. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

45. This is a collective action filed on behalf of all hourly-paid general laborers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid overtime wages because they were not paid a rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) per week.

46. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

47. At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

48. At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

49. At all relevant times, Defendant was an "employer" of Plaintiffs and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

50. Defendant failed to pay Plaintiffs and all similarly situated employees an overtime premium for hours worked in excess of forty (40) per week.

51. Because these employees are similarly situated to Plaintiffs, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly general laborers who worked more than forty hours in any week within the past three years.**

52. At all relevant times, Defendant willfully failed and refused to pay Plaintiffs and all other similarly situated employees a proper overtime premium under the FLSA because Defendant paid Plaintiffs and other similarly situated employees their regular

hourly rate for all hours worked over forty (40) in a week.

53. Defendant's violations entitle Plaintiffs and all other similarly situated employees to compensatory damages calculated as the full amount of overtime wages owed.

54. Defendant's violations entitle Plaintiffs and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

55. Plaintiffs and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII. SECOND CLAIM FOR RELIEF
(Individual Claims for Violation of the FLSA)

56. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

57. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

58. At all relevant times, Plaintiffs have been "employees" of Defendant as defined by 29 U.S.C. § 203(e).

59. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

60. Defendant failed to pay Plaintiffs an overtime premium as required under the FLSA.

61. At all relevant times, Defendant willfully failed and refused to pay Plaintiffs a proper overtime premium under the FLSA because Defendant paid Plaintiffs and their regular hourly rate for all hours worked over forty (40) in a week.

62. Defendant's violations entitle Plaintiffs to compensatory damages calculated as the full amount of overtime wages owed.

63. Defendant's violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

64. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of AMWA)

65. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

66. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

67. At all relevant times, Plaintiffs have been "employees" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

68. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

69. Defendant failed to pay Plaintiffs an overtime premium as required under the AMWA.

70. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

72.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described above pursuant to Ark. Code Ann. § 11-4-218.

73.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Javier Garcia and J.G., by and through his Next Friend, Javier Garcia, each individually and on behalf of all others similarly situated, respectfully request this Court grant the following relief:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

E.     Certification of, and proper notice to, together with an opportunity to

participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid back wages at the proper overtime rate owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

G. Judgment for damages for all unpaid back wages at the proper overtime rate owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

H. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

i) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I. An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JAVIER GARCIA and J.G., a minor, through his Next Friend JAVIER GARCIA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Blake Hoyt  w/ permission
Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

/s/ Joshua West
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAVIER GARCIA and J.G., a Minor, by                                        PLAINTIFFS
JAVIER GARCIA, his Next Friend, Individually
and on Behalf of All Others Similarly Situated

vs.                                     No. 4:20-cv-_____

CRAIN CONCRETE CONSTRUCTION, LLC                                           DEFENDANTS
and STEVEN CRAIN

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Crain Concrete Construction, LLC, and Steven Crain within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*/s/ Javier Garcia*
**JAVIER GARCIA**
February 28, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAVIER GARCIA and J.G., a Minor, by**  **PLAINTIFFS**
**JAVIER GARCIA, his Next Friend, Individually**
**and on Behalf of All Others Similarly Situated**

vs.                           No. 4:20-cv-_____

**CRAIN CONCRETE CONSTRUCTION, LLC**   **DEFENDANTS**
**and STEVEN CRAIN**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Crain Concrete Construction, LLC, and Steven Crain within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

  [redacted]
 **J.G.**
 February 28, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**